IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARL HARRIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 1:21CV553-ECM |
| | ) | (wo) |
| THE CITY OF OZARK, ALABAMA, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is a motion to dismiss filed by Defendants the City of Ozark, Marlos Walker, and Jimmy Culbreath. (Doc. 11).

The Plaintiff, Carl Harris ("Harris"), filed a complaint bringing claims for deprivation of constitutional rights (count one), malicious prosecution (count two), false imprisonment (count three), abuse of process (count four), negligent defamation (count five), slander per se (count six), libel (count seven), negligent hiring, training, and supervision (count eight).

Upon consideration of the motion, briefs, record, and applicable law, and for reasons to be discussed, the motion to dismiss is due to be GRANTED, but Harris will be given time in which to file an amended complaint to plead additional facts regarding his allegation of malicious prosecution.

**I.   FACTS**

The facts alleged in the complaint are as follows:

In 1990, Tracey Harris, the ex-wife of Plaintiff Harris, was found deceased in Hale County. Plaintiff Harris was investigated in the death of his ex-wife. The complaint alleges that the Ozark Police Department found no blood or DNA evidence to tie Plaintiff Harris to the crime, there were no police reports or hospital records of abuse of Tracey Harris, that witnesses living in the house of Tracey Harris and Plaintiff Harris were not interviewed, and that there were no marks on Plaintiff Harris' body. (Doc. 1 para. 5). No prosecution resulted from the initial investigation.

In 2016, the case was reopened by City of Ozark police officer Jimmy Culbreath ("Culbreath"). Marlos Walker ("Walker") was the Chief of Police of the City of Ozark at that time and the supervisor of Culbreath.

The complaint alleges that on September 9, 2016, Culbreath provided false information and executed a sworn deposition in which he "provided false information to 'paint a picture' where no one else but your Plaintiff could have killed Tracey Harris." (*Id.* para. 7).

On September 13, 2016, Harris was arrested for the murder of Tracey Harris pursuant to a warrant based on information provided by Culbreath. (*Id.* para 8). On March 14, 2018, Harris was indicted for the crime. Just before the trial date of January 13, 2020, Dawn Beasley came forward with the name of Jeff Beasley as the person who had killed Tracey Harris. (*Id.* para. 10). Jeff Beasley subsequently confessed to the murder of Tracey Harris. (*Id.*).

The case against Plaintiff Harris was dismissed on January 13, 2020.

2

## II.  MOTION TO DISMISS STANDARDS

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555, 570.  This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.  Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, may be a factual or facial attack on subject matter jurisdiction. *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1238 (11th Cir. 2002).  A factual attack permits the district court to weigh evidence outside the pleadings to satisfy itself of

3

the existence of subject matter jurisdiction in fact. *Id.* at 1237. However, a facial attack merely questions the sufficiency of the pleading. *Id.* Under a facial attack, the district court accepts the plaintiff's allegations as true and need not look beyond the face of the complaint to determine whether the court has subject matter jurisdiction. *Id.*

### III.   DISCUSSION

In response to the Defendants' motion to dismiss, the Plaintiff has conceded that Culbreath is due to be dismissed as a party in his official capacity and that the claim of libel is due to be dismissed. (Doc. 22 at 4). The Court now turns to the grounds for dismissal as to the remaining claims.[1]

A. Official Capacity Claims

The Defendants seek dismissal of all official capacity claims as redundant of claims asserted directly against the City.   Harris does not appear to respond to this contention. The City of Ozark has been named as a defendant; therefore, the redundant official capacity claims are due to be dismissed. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991); *see also Tippins v. City of Dadeville*, 2014 WL 1092920, at *5 (M.D. Ala. 2014)(state-law claims against defendants in their official capacities were dismissed as redundant of claims against city).

---

[1] The Defendants have filed over 140 pages of briefing in support of their motion to dismiss a nine-page complaint. Where the Defendants have raised a ground for dismissal that is sufficient to support the motion, the Court has addressed only that ground. The Defendants are cautioned to support their motions more succinctly in the future.

B. Fictitious Parties

The Defendants move to dismiss the fictitious defendants referred to in the complaint. Fictitious-party practice is allowed in federal court under some circumstances. *See Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992). In *Dean*, the Eleventh Circuit held the district court erred by denying the plaintiff's motion to join a "John Doe" defendant before allowing the plaintiff an opportunity to learn the John Doe defendant's name through discovery. *Id.* at 1215. In so-ruling, the court noted a difference between "suing fictitious parties" and "real parties sued under a fictitious name" and held that, where the plaintiff had named "Chief Deputy of the Jefferson County Jail John Doe" as a defendant, the name was specific enough to comport with the requirement of Rule 10 of the *Federal Rules of Civil Procedure*. *Id.* at 1215, n.6. The use of "John Doe" was "at the very worst, surplusage." *Id.* Thus, the defendant could have been served with the complaint, despite the use of the "John Doe" title. *Id.*

In this case, Harris has identified Fictitious Defendants X, Y, and Z, as "parties yet to be ascertained but who will be added as named defendants if and when discovered." (Doc. 1 at 2). This identification does not rise to the level of specificity identified by the Eleventh Circuit. *See Dean*, 951 F.2d at 1215. The fictitious parties are due to be DISMISSED with prejudice. *See Bozeman v. Cty. of Elmore,* 2021 WL 2954004, at *3 (M.D. Ala. July 14, 2021).

C. Federal Claims

Harris' complaint identifies federal law as the source of law for his claim in count one of the complaint, but his complaint is unclear as to the precise constitutional violation alleged. Count one refers both to a deprivation of life, liberty, and property as afforded by the Fourteenth Amendment and to the Fourth Amendment, whereas count two includes a claim for malicious prosecution. In his brief, Harris appears to contend that count two is grounded in federal law. (Doc. 22 at 9)(quoting a case for the proposition that federal, not state, law determines whether a § 1983 malicious prosecution claim has been stated). Because the complaint alleges that Harris was arrested pursuant to a warrant, the Court construes together counts one and two of the complaint as bringing a federal claim for malicious prosecution. *See Blue v. Lopez*, 901 F.3d 1352, 1357 (11th Cir. 2018).

   *1. Individual Defendants*

Culbreath and Walker invoke the defense of qualified immunity. Although Harris argues that qualified immunity should not be evaluated before discovery, qualified immunity is an entitlement not to stand trial or face the other burdens of litigation. *Mitchell v. Forsyth*, 472 U.S. 511, 525–26 (1985). It balances the need to hold the government accountable with the need to protect officers from the distractions of litigation. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Qualified immunity protects government officials from suit if they are "performing discretionary functions" and "their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

As to the discretionary function inquiry, Harris argues that because Culbreath and Walker violated his constitutional rights, they were not engaged in discretionary functions. The inquiry is not, however, whether the act was illegal, but whether the injury was related to duties of the defendant. *See Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998). Because the complaint alleges that the actions taken were in the context of Culbreath providing information for an arrest warrant, the discretionary function prong is met. *See Byrd v. Jones*, 2015 WL 2194697, at *9 (N.D. Ala. 2015) (finding "the court does not ask whether the defendant had the right to illegally arrest the plaintiff, or swear out an illegal warrant, but simply whether making arrests and swearing out warrants was within the general scope of the officer's duties."), *aff'd*, 673 F. App'x 968 (11th Cir. 2016). This Court, therefore, turns to the issue of whether the complaint has sufficiently alleged a violation of a clearly established constitutional right.

Courts engage in a two-pronged inquiry. The first asks whether the facts, "[t]aken in the light most favorable to the party asserting the injury, ... show the officer's conduct violated a [federal] right [.]" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong of the qualified-immunity analysis asks whether the right in question was "clearly established" at the time of the violation. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). "[T]he salient question ... is whether the state of the law" at the time of an incident provided "fair warning" to the defendants "that their alleged [conduct] was unconstitutional." *Id.* at 741.

7

      a. Culbreath

A plaintiff asserting a federal malicious prosecution claim must prove that the defendant violated his Fourth Amendment right to be free from unreasonable seizures pursuant to legal process and that the criminal proceedings against him terminated in his favor. *Luke v. Gulley*, 975 F.3d 1140, 1144 (11th Cir. 2020).  To establish that a defendant violated a Fourth Amendment right to be free from seizures pursuant to legal process, a plaintiff must establish "that the legal process justifying his seizure was constitutionally infirm" and "that his seizure would not otherwise be justified without legal process." *Id.*

The Defendants concede that the complaint plausibly alleges that the criminal proceedings against Harris terminated in his favor and that he was seized. (Doc. 12 at 30–31).  The Defendants argue, however, that the complaint does not allege facts that plausibly demonstrate that the legal process justifying Harris' arrest was constitutionally infirm or that his arrest would not otherwise be justified without legal process.  The Defendants' contention is that the complaint is entirely conclusory.  In so arguing, they rely in part on the unpublished opinion of the Eleventh Circuit, *Carter v. Gore*, 557 F. App'x 904, 910 (11th Cir. 2014).

In *Carter*, the plaintiff alleged that the defendant "caused a warrant to be issued for [Carter's] arrest for committing a crime in the Pawn Mart in Rome, without probable cause[, and Carter] was arrested, imprisoned and maliciously prosecuted." *Id.* at 906.  The Eleventh Circuit explained that there are two theories by which malicious prosecution can be established:  the officer perjured himself or a reasonably well-trained officer would have

8

known that his affidavit failed to establish probable cause and the officer should not have applied for the warrant. *Id.* at 908-09. The plaintiff in that case alleged that the defendant officer "fabricated evidence," which the Eleventh Circuit rejected as a conclusory allegation. *Id.* at 909. As to the theory that the defendant officer lacked arguable probable cause when he secured the warrant, the complaint alleged the following facts: the plaintiff did not commit the crime, none of the photos the officer was shown included the plaintiff, no eyewitness accounts placed the plaintiff at the scene, the officer had no evidence to connect the plaintiff to the crime, and the state voluntarily decided not to prosecute. *Id.* The court held that these allegations, though "sparse" were sufficient to state a claim against the officer in his individual capacity. *Id.*

In this case, the complaint alleges that Culbreath provided false information and executed a false and defamatory deposition. (Doc. 1 para 15). Those allegations are conclusory and not sufficient to establish that Culbreath perjured himself. *See Carter*, 557 App'x at 909. Harris also alleges some facts, however, which may be relevant to a separate theory that Culbreath would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant. Harris alleges in the complaint that during the initial investigation of Harris for the murder, there was no blood or DNA evidence to tie Harris to the crime, there were no police reports or hospital records of abuse of Tracey Harris, that witnesses living in the house with Harris were not interviewed, and that there were no marks on Harris' body. (Doc. 1 para. 5). Harris also alleges that before

9

trial, Dawn Beasley came forward and identified her ex-husband as the perpetrator of the murder and that Jeff Beasley ultimately confessed, prompting a dismissal of the charges.

The facts alleged, however, are distinct from *Carter* in that there are no facts alleged in this case connecting Culbreath to the initial investigation. The complaint also lacks any allegation of fact as to the content of the evidence Culbreath presented to secure the arrest warrant. Therefore, this Court cannot conclude that the allegations plausibly support an inference that a reasonably well-trained officer would have known that he failed to establish probable cause and that the officer should not have applied for the warrant.

The Court notes that Harris's complaint lacks clarity because it bears several of the hallmarks of a shotgun pleading. For example, each count incorporates all of the preceding counts and the counts are brought against multiple defendants. *See Gulf Coast Min., LLC v. Tryall Omega, Inc.*, 2016 WL 344960, at *5 (M.D. Ala. 2016). Therefore, while the malicious prosecution claim against Culbreath in his individual capacity is due to be dismissed for failure to state a claim, the dismissal will be without prejudice to being repleaded to include additional facts and to comply with the *Federal Rules of Civil Procedure*. *See Magluta v. Samples*, 256 F.3d 1282, 1284 n.3 (11th Cir. 2001). Should Harris choose to replead, the Defendants of course will be free to re-raise the defense of qualified immunity at that time.

      b. Walker

The claim pleaded against Walker is based on an allegation that Culbreath was supervised by Walker. (Doc. 1 at 5). The Defendants argue that because the complaint

alleges only that Walker supervised Culbreath, the complaint fails to state a claim of supervisory liability.

Supervisory officials can be held liable under § 1983 actions for constitutional violations on two grounds: "(1) the supervisor personally participates in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation." *Gray v. Bostic*, 458 F.3d 1295, 1308 (11th Cir.2006). A causal connection can be established in one of two ways: "(1) when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so or (2) when a supervisor's improper custom or policy results in deliberate indifference to constitutional rights." *Doe v. School Bd. of Broward Cty. Fla.*, 604 F.3d 1248, 1266 (11th Cir. 2010).

Harris states in his brief that supervisory liability may be imposed when there is deliberate indifference, and deliberate indifference exists in this case. (Doc. 22 at 8). Harris' complaint, however, does not allege sufficient facts to support an inference of deliberate indifference. The complaint merely alleges that Culbreath acted under the supervision of Walker. (Doc. 1 paras. 15 & 19). Therefore, the motion to dismiss is due to be GRANTED as to the claim against Walker. Because Harris has stated in his brief that he contends deliberate indifference exists in this case, however, he will be given an opportunity to remedy his pleading deficiency.

11

*2. City of Ozark*

The Defendants move for dismissal of the federal claim against the City of Ozark, arguing that the allegation of the complaint that Culbreath and Walker acted within the scope of their employment and that Ozark accepted and approved Culbreath's actions are insufficient to establish municipal liability.

Harris argues in response that in *City of Canton v. Harris*, 489 U.S. 378 (1989), the Supreme Court acknowledged that inadequacy of training can serve as a basis for liability.

Ordinarily, to make out a prima facie showing of deliberate indifference with respect to police training, a plaintiff must allege a pattern of similar constitutional violations that would put the municipality on notice of its inadequate training. *See Connick v. Thompson*, 563 U.S. 51, 70 (2011). Harris does not allege sufficient facts to support this theory. Therefore, there is no plausible claim of municipal liability and the federal claim against the City of Ozark is due to be dismissed. The Court will give Harris an opportunity to plead facts to support his theory of liability for the City of Ozark for malicious prosecution.

D. State-law Claims

*1. Notice of Claim*

The Defendants have argued that all of the state law claims against the City of Ozark and any Defendant in an official capacity are due to be dismissed because Harris did not satisfy the notice of claim requirement of ALA. CODE § 11-47-23. Although it is not clear, it appears that the complaint asserts state-law claims for malicious prosecution, false imprisonment, abuse of process, negligent defamation, and slander per se against Culbreath

and Walker in their individual and official capacities. The negligent hiring, training, and supervision claim is asserted only against the City of Ozark. (Doc. 1 paras. 34–36). The Defendants contend that Harris' notice of claim is insufficient because it does not state the manner of Harris' injury or the day, time, and place that the challenged acts occurred, and, for purposes of the defamation and slander claims, it was filed more than six months after the allegedly defamatory actions in March of 2018.

Harris responds only that notice of claim requirements do not bar federal claims. The Defendants acknowledge this point and do not seek dismissal of any federal claims on the basis of the notice of claim. (Doc. 25 at 26).

The notice of claim which the Defendants have attached to their motion[2] is an affidavit dated June 3, 2020, which includes that Harris "would like to put the City of Ozark on notice that [he is] demanding 6 million dollars for false imprisonment, malicious prosecution, emotional distress, humiliation, loss of enjoyment of life, pain, and suffering." (Doc. 12-2).

The Alabama notice-of-claim statute requires that a sworn statement be filed with the clerk "stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred, and the damages claimed." ALA. CODE § 11-47-192.

---

[2] The authenticity of this exhibit is not challenged and the Court has considered it in ruling on the motion to dismiss. *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

The Alabama Supreme Court has adopted a rule of "substantial compliance; i.e., the statute will be liberally construed to determine whether claimant has so complied with its requisites as to serve its purpose." *Franklin v. City of Dothan, AL*, 2021 WL 4255092, at *5 (M.D. Ala. Sept. 17, 2021)(quoting *Fuller v. City of Birmingham*, 377 So. 2d 957, 959 (Ala. 1979)). The purpose of the statute "is to enable the municipality to investigate and determine the merits of the claim . . . and to adjust claims without the expense of litigation if the circumstances warrant." *City of Anniston v. Rosser*, 158 So. 2d 99, 101 (1963). The Alabama Supreme Court has found the statute to be substantially complied with, for example, when the notice of claim provided "a specified day of a given month and year," even though it did not include the "hour or whether it was night or day." *McKinnon v. City of Birmingham*, 71 So. 463, 464 (1916). The Alabama Supreme Court also has described the statute as one which does not require a statement of a legal theory, but instead requires the "physical facts surrounding the accident made the basis of the claim." *Cox By & Through Cox v. City of Birmingham*, 518 So. 2d 1262, 1264 (Ala. 1987).

In this case, the notice of claim is sworn and includes the damages sought, but lacks any facts regarding the circumstances of Harris' injury. Harris' notice of claim, therefore, is not in substantial compliance with the statute which requires a statement of the manner in which the injury was received and the day and place of the injury. ALA. CODE § 11-47-192. This Court cannot consider the notice of claim provided by Harris to be in substantial compliance because the notice does not serve the purpose of allowing the City of Ozark to investigate the claim. *See City of Anniston v. Rosser*, 158 So. 2d at 101.

Accordingly, the state law claims against the City of Ozark and the Defendants in their official capacities are due to be dismissed for failure to substantially comply with the Alabama notice of claim statute. *See Shows v. Morgan*, 40 F.Supp.2d 1345, 1365 (M.D. Ala.1999) (dismissing state law claims against city and its officers in their official capacity because of plaintiff's failure to comply with Alabama's notice-of-claim statutes).

The Court now turns to the remaining state law claims as asserted against Culbreath and Walker in their individual capacities.

*2. Malicious Prosecution*

The Defendants interpret the claim brought in count two of the complaint as a state-law claim and have moved to dismiss it for failure to state a claim under Alabama law. The Defendants also move for dismissal on the basis of state-agent immunity pursuant to ALA. CODE § 6-5-338.

As earlier noted, it is unclear whether count two asserts a claim for malicious prosecution pursuant to federal or state law, or both, because although the count does not invoke federal law, in his brief in response to the motion to dismiss, Harris addresses the claim as a federal claim. (Doc. 22 at 9). If the count is brought pursuant to both federal and state law, it violates Rule 10 of the *Federal Rules of Civil Procedure*, which requires that each claim be stated in a separate count.

The Court has previously concluded that the allegation that Culbreath provided false information to obtain a warrant is not sufficient to state a claim under federal law, but that Harris should be given time in which to plead facts to support his claim. Therefore, given

15

the lack of clarity with respect to count two, to the extent that Harris has brought a state law claim for malicious prosecution against them in their individual capacities, Culbreath and Walker will be dismissed, but Harris will also be allowed time in which to file an amended complaint within the requirements of the *Federal Rules of Civil Procedure*. Should Harris choose to plead a claim under state law for malicious prosecution against Culbreath and Walker in their individual capacities, the Defendants will be free to reassert immunity defenses at that time.

### *3. False Imprisonment*

The Defendants move for dismissal of this claim on multiple grounds, including the ground that a claim for false imprisonment cannot lie under the circumstances alleged in the complaint, citing *Ennis v. Beason*, 537 So. 2d 17, 19 (Ala. 1988).

In *Ennis*, the Alabama Supreme Court explained that the law "in Alabama is clear that a plaintiff is not entitled to recover for false arrest or imprisonment where he or she is arrested pursuant to a valid warrant issued by a lawfully authorized person." *Id.* That is because "neither the arrest nor the subsequent imprisonment is 'false,' and, as a consequence, the complaining party's action must be one for malicious prosecution." *Id.* at 378. In *Ennis*, the court upheld the granting of a directed verdict on the false arrest claim because the plaintiff was arrested pursuant to a warrant issued by authorized person. *Id.* The Court then went on to examine whether the plaintiff proved the elements of her claim for malicious prosecution. *Id.*

Harris' response to the motion to dismiss as to his false imprisonment claim is that the warrant was not valid under *Franks v. Delaware*, 438 U.S. 154 (1978). Harris' argument that Culbreath did not have arguable probable cause to seek a warrant, however, is an argument which is relevant to a federal malicious prosecution claim, but does not, under Alabama law, support a false imprisonment claim. Therefore, the false imprisonment claim is due to be DISMISSED with prejudice.

*4. Abuse of Process*

A claim for abuse of process requires a showing of an ulterior purpose, a wrongful use of process, and malice. *C.C. & J. v. Hagood*, 711 So. 2d 947, 950 (Ala. 1998). The Defendants contend that there is no allegation that process was abused after it had been issued, so no claim for abuse of process has been alleged. The Defendants also argue that count four does not plausibly allege an ulterior purpose because solving a case is not an ulterior purpose. Harris responds that the deposition Culbreath gave is the basis of this claim and that closing a cold case is an ulterior purpose.

In *C.C. & J.*, the Alabama Supreme Court explained the distinction between an abuse of process claim and a malicious prosecution claim: "[m]alicious prosecution concerns the wrongful issuance of process; abuse of process concerns the wrongful use of process after it has been issued." 711 So. 2d at 950. In that case, the defendant had acted wrongfully in swearing out a warrant, but the Court held that the "tort that encompasses such a wrongful issuance of a criminal warrant is malicious prosecution, not abuse of process." *Id.* at 951. The Court went on to say that manufacturing evidence in order to

17

prosecute someone is not an abuse of process because "[w]rongful activity designed to create a claim goes to the initiation of process, not to its later use." *Id.*

The complaint in this case alleges that legal process was improperly sought and, as in *C.C. & J.*, thereby challenges actions used to create a claim. Accordingly, the abuse of process claims asserted against the individual Defendants in their individual capacities are due to be DISMISSED with prejudice.

*5. Negligence and Slander Per Se*

The Defendants contend that Alabama's two-year statute of limitations bars Harris's claim for negligently making defamatory statements which placed Harris in a false light and claim for slander per se because the statute of limitations begins to run when the challenged statements were published. *See Hollander v. Nichols*, 19 So. 3d 184, 194-95 (Ala. 2009). The Defendants point to paragraphs seven, eight, and nine of complaint which allege that Culbreath made statements about Harris in March 2018 which caused Harris to be indicted. There are no allegations of statements by Culbreath after 2018. (Doc. 1).

Harris responds that the negligence and slander he alleges did not end on the day Culbreath gave his deposition because Harris was harmed up to January 13, 2020, the day that the charges against him were dismissed. Harris cites no authority for his interpretation of Alabama law.

Under Alabama law, the date of publication is "the date on which the injury to the plaintiff's reputation occurs and the cause of action is completed." *Poff v. Hayes*, 763 So. 2d 234, 242 (Ala. 2000); *see also Doyle v. Univ. of Alabama in Birmingham*, 680 F.2d

18

1323, 1325–26 (11th Cir. 1982)("Under Alabama defamation law injury to reputation accrues upon publication, . . . [t]he statute does not toll during the length of time that the plaintiff allegedly suffers the effect of the injury."). Because the claims for defamation and slander were filed more than two years after the last challenged statement by Culbreath, those claims as asserted against the individual Defendants are due to be DISMISSED with prejudice.

## V. CONCLUSION

For the reasons discussed, it is hereby ORDERED that the motion to dismiss (doc. 11) is GRANTED as follows:

1. Fictitious parties X, Y, Z are DISMISSED with prejudice.

2. The federal claim for malicious prosecution and any state-law claim for malicious prosecution brought against Culbreath in his individual capacity are DISMISSED without prejudice. All other claims against Culbreath in his official and individual capacities are DISMISSED with prejudice.

3. The federal claim for malicious prosecution and any state-law claim for malicious prosecution brought against Walker in his individual capacity are DISMISSED without prejudice. All other claims against Defendant Walker in his individual and official capacities are DISMISSED with prejudice.

4. The federal claim for malicious prosecution against the City of Ozark is DISMISSED without prejudice and all other claims against the City of Ozark are DISMISSED with prejudice.

Harris is given until January 25, 2022 to file a new amended complaint which is complete unto itself, which pleads a malicious prosecution claim or claims consistent with this Memorandum Opinion and Order, and complies with the requirements of the *Federal Rules of Civil Procedure*.

DONE this 4th day of January, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE